b. <u>False Designation of Origin</u>

A false designation of origin claim would be entirely without merit. In *Dastar Corp. v. Twentieth Century Fox*,[9] the Supreme Court concluded that the phrase "origin of goods" as used in the Lanham Act refers to the "producer of the tangible goods that are offered for sale, and not the author of any idea, concept, or communication embodied in those goods."[10] Thus, Between the Lines is the "origin" of the Picture, the Website, and the merchandise being sold on the Website, which depicts only characters and material from *TWIHARDER*. Between the Lines does not portray the origin of its products in any false or misleading way. Furthermore, the over-the-top parodic nature of the Picture and the Website clearly communicate to consumers that Summit and the original *Twilight* franchise had no involvement.

Furthermore, your suggestion that Summit would have a claim under the Lanham Act with regard to the Picture's title, *TWIHARDER*, is equally meritless given the constitutional protections that apply to this kind of use. *See, e.g., Rogers v. Grimaldi*, 875 F.2d 994, 1003-04 (2d Cir. 1989), *Mattel v. MCA Records*, 296 F.3d 894, 902 (9th Cir. 2002); *E.S.S. Entertainment 2000 v. Rock Star Videos*, 547 F.3d 1095, 1099-1101 (9th Cir. 2008).

**(2) Trademark Dilution**

The strong First Amendment protections covering expressive works and the deliberate infringement defenses carved out for works of parody and criticism would trump any trademark dilution claim for Between the Lines' use of the Twihard and *Twilight* marks in the context of the motion picture parody.

**(3) Copyright Infringement**

The Picture and Website do incorporate certain aspects of the characters, settings, and plot elements from the *Twilight* motion pictures, as required by the nature of a parody and permissible under the fair use doctrine. Notwithstanding fair use, based on the discussion and illustrations above, it is clear that the intended *Twilight* audience would not perceive *TWIHARDER* as substantially similar to the *Twilight* motion pictures.

The description of the Picture as a "zany, surreal parody of the *Twilight* saga" indicates Between the Lines' intention to create an over-the-top parody that is immediately recognized as different from the original *Twilight* motion pictures, as well as points out the unlikelihood of consumer confusion. Stated simply, your statement that "it appears that the entire [Picture] is just a condensed version of the Twilight Motion Pictures" is completely inaccurate.

Finally, I am sure that you are a familiar with California's SLAPP statute, set forth in California Civil Procedure Code Section 425.16. If you are not, you should review the statute and the relevant case law, which would provide Between the Lines with a procedure for

---

[9] *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (U.S. 2003).
[10] *Id.* at 37.

BTL_000016